Michael J. Wise, Bar No. 143501
MWise@perkinscoie.com
Joseph P. Hamilton, Bar No. 211544
JHamilton@perkinscoie.com
Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Plaintiffs
*FONTEM VENTURES B.V.* and
*FONTEM HOLDINGS 1 B.V.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FONTEM VENTURES B.V., a Netherlands company; and FONTEM HOLDINGS 1 B.V., a Netherlands company, | Case No. CV14-9263 |
| | **COMPLAINT FOR PATENT INFRINGEMENT** |
| Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| v. | |
| NJOY, INC., a Delaware corporation, and DOES 1-5, Inclusive, | |
| Defendant. | |

Complaint For Patent Infringement

For its Complaint against Defendant NJOY, INC. ("Defendant"), Plaintiff Fontem Ventures B.V. ("Fontem Ventures") and Plaintiff Fontem Holdings 1 B.V. ("Fontem Holdings") allege as follows:

## JURISDICTION AND VENUE

1.  This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, et seq., and in particular § 271.

2.  This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3.  This Court has personal jurisdiction over Defendant because it solicits and conducts business in California, including the provision of goods over the Internet, derives revenue from goods sold in California and within this judicial district, and has committed acts of infringement in this judicial district.

4.  Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## PARTIES

5.  Plaintiff Fontem Ventures is a company organized and existing under the laws of the Netherlands, with its principal place of business at 12th Floor, 101 Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands. Fontem Ventures is in the business of developing innovative non-tobacco products, including electronic cigarettes.

6.  Plaintiff Fontem Holdings is a company organized and existing under the laws of the Netherlands, with its principal place of business at 12th Floor, 101 Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands.

7.  Plaintiffs Fontem Ventures and Fontem Holdings (together, "the Plaintiffs") are informed and believe that: Defendant NJOY, INC. ("NJOY") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 15211 N. Kierland Blvd., Suite 200, Scottsdale,

Complaint For Patent Infringement

1   AZ, 85254, USA.  NJOY is doing business in this judicial district related to the

2   claims asserted in this Complaint.

3       8.    The true names and capacities, whether individual, corporate,

4   associate, or otherwise of defendants sued herein as DOES 1 through 5, inclusive,

5   are unknown to the Plaintiffs at the present time, and the Plaintiffs therefore sue

6   said Defendants by such fictitious names.  The Plaintiffs, after obtaining leave of

7   court, if necessary, will amend this Complaint to show such true names and

8   capacities when the same have been ascertained.

9                          **FIRST CAUSE OF ACTION**

10                  (Infringement of U.S. Patent No. 8,899,239)

11      9.    The Plaintiffs incorporate by reference the allegations contained in

12  paragraphs 1-8 above.

13      10.   Plaintiff Fontem Holdings is the owner of the entire right, title, and

14  interest in and to United States Patent No. 8,899,239 ("the '239 Patent") and

15  Plaintiff Fontem Ventures is the exclusive licensee of the '239 Patent.  The '239

16  Patent was duly and legally issued by the United States Patent Office on December

17  2, 2014 and is valid, subsisting, and in full force and effect.  A copy of the '239

18  Patent is attached to this Complaint as Exhibit A.

19      11.   Defendant has knowledge of the '239 Patent, and of the Plaintiffs'

20  rights therein, at least as of the date of service for this Complaint.

21      12.   The Plaintiffs are informed and believe that: Defendant directly

22  infringes the '239 Patent in violation of at least 35 U.S.C. § 271(a), by itself and/or

23  through its agents, unlawfully and wrongfully making, using, importing, offering to

24  sell, and/or selling electronic cigarette products embodying one or more of the

25  inventions claimed in the '239 Patent, within and/or from the United States without

26  permission or license from the Plaintiffs, and will continue to do so unless enjoined

27  by this Court.  Examples of electronic cigarette products that directly infringe the

28  '239 Patent either literally or under the doctrine of equivalents include, but are not

limited to, (1) NJOY Rechargeable Electronic Cigarettes, such as NJOY Recharge E-Cigarettes, sold separately or as part of an NJOY Recharge Economy Kit, an NJOY Recharge Standard Kit, an NJOY Recharge Premium Kit, or an NJOY Recharge Super Kit; (2) NJOY Flavor Chamber Cartridges for use with NJOY Rechargeable Electronic Cigarette Batteries purchased separately or as part of an NJOY Rechargeable Kit; and (4) NJOY King Disposable Electronic Cigarettes. Such products infringe at least claims 1 and 13 of the '239 Patent.

13.    The Plaintiffs are informed and believe that: Defendant induces infringement of the '239 Patent in violation of at least 35 U.S.C. § 271(b) by, itself and/or through its agents, inducing acts by its customers that constitute the direct infringement of one or more claims of the '239 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.  For example, Defendant induces acts by its customers that constitute direct infringement of the '239 Patent based on electronic cigarette products that include, but are not limited to, (1) NJOY Rechargeable Electronic Cigarettes, such as NJOY Recharge E-Cigarettes, sold separately or as part of an NJOY Recharge Economy Kit, an NJOY Recharge Standard Kit, an NJOY Recharge Premium Kit, or an NJOY Recharge Super Kit; (2) NJOY Flavor Chamber Cartridges for use with NJOY Rechargeable Electronic Cigarette Batteries purchased separately or as part of an NJOY Rechargeable Kit; and (4) NJOY King Disposable Electronic Cigarettes.

14.    The Plaintiffs are informed and believe that: Having knowledge of the '239 Patent at least as of the date of service for this Complaint, Defendant provides instructions to use its electronic cigarette products in a manner known to be infringing.  For example, Defendant maintains a website that instructs its customers on "how to vape" and what an e-cigarette is.[1]  Defendant's website specifically

---

[1] *See*, e.g., https://www.njoy.com/how-to-vape and https://www.njoy.com/whats-an-e-cigarette (last visited December 2, 2014).

1  directs customers to use Defendant's electronic cigarette products in a manner that
2  infringes one or more claims of the '239 Patent," explaining, for example, that
3  "[w]hen you inhale, a vacuum switch signals an IC controller chip and switches on
4  a tiny LED light, so the tip glows orange like a traditional tobacco cigarette."[2]
5  Defendant knows that its actions induce infringement of the '239 Patent, because
6  for example, it knows that the use of its electronic cigarette products infringes the
7  '239 Patent.  Based on Defendant's instructions to its customers on its website,
8  Defendant induces actions by its customers that directly infringe at least claim 17 of
9  the '239 Patent.

10      15.    As a direct and proximate result of the foregoing acts of Defendant, the
11 Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet
12 determined.  The Plaintiffs are also entitled to the costs of suit and interest.

13      16.    Defendant's continuing infringement has inflicted and, unless
14 restrained by this court, will continue to inflict great and irreparable harm upon the
15 Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are
16 entitled to preliminary and permanent injunctions enjoining Defendant from
17 engaging in further acts of infringement.

18                    **PRAYER FOR RELIEF**

19      The Plaintiffs request entry of judgment that:

20      A.    The '239 Patent is valid and enforceable;

21      B.    Defendant is liable for infringement of the '239 Patent under at least
22 the provisions of 35 U.S.C. § 271(a) and (b);

23      C.    Defendant and all affiliates, subsidiaries, officers, employees, agents,
24 representatives, licensees, successors, assigns, and all those acting in concert with,
25 or for or on behalf of Defendant, shall be enjoined from infringing the '239 Patent;

26      D.    Defendant shall pay damages to the Plaintiffs resulting from

27 _____

28      [2] *Id.*

Defendant's patent infringement pursuant to 35 U.S.C. § 284;

E.      The Plaintiffs be entitled to prejudgment interest and post-judgment interest on the damages; and

F.      The Plaintiffs be awarded such other and further relief, in law or in equity, as the Court deems just, equitable or appropriate.

DATED:  December 2, 2014

Respectfully submitted,

**PERKINS COIE LLP**

By: _/s/Joseph P. Hamilton_
         Joseph P. Hamilton

Attorneys for Plaintiff
*FONTEM VENTURES B.V.* and
*FONTEM HOLDINGS 1 B.V.*

1
## DEMAND FOR JURY TRIAL

2        Plaintiffs Fontem Ventures and Fontem Holdings hereby demand a trial by

3   jury of all issues triable by a jury.

4   DATED:  December 2, 2014                **PERKINS COIE** LLP

5

6                                           By:  */s/Joseph P. Hamilton*
                                                  Joseph P. Hamilton
7
                                            Attorneys for Plaintiff
8                                           *FONTEM VENTURES B.V.* and
                                            *FONTEM HOLDINGS 1 B.V.*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint For Patent Infringement